# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff,*<br><br>vs.<br><br>RODOLFO ARIEL AMPARO-AYBAR,<br>*Defendant.* | CRIMINAL NUMBER: 17-026 (JAG/SCC) |

## MOTION TO RE-OPEN BAIL HEARING

TO THE HONORABLE SILVIA CARRENO-COLL
UNITED STATES MAGISTRATE JUDGE
FOR THE DISTRICT OF PUERTO RICO

The defendant, Mr. Rodolfo Ariel Amparo-Aybar ("Mr. Amparo"), represented by the Federal Public Defender for the District of Puerto Rico, through the undersigned counsel, respectfully states and prays as follows:

### I. Background

On December 27, 2016, Mr. Amparo was arrested, and on January 19, 2017, was charged with one count of unlawful possession of documents in violation of 18 U.S.C. § 1543. D.E. ## 2, 11. On January 12, 2017, Mr. Amparo appeared before this Honorable Court for his preliminary hearing and bail hearing. D.E. # 9. The undersigned did not request bail at that time, but reserved the right to request a reopening of the bail hearing.

The Bail Reform Act, codified at 18 U.S.C. § 3142(f)(2), permits the reopening of a bail hearing if a judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue of whether there are satisfactory conditions of release. The undersigned now submits to the Court that there is evidence to offer in support of conditions of release and respectfully requests

1

the reopening of the hearing. Specifically, the undersigned submits that any risk of flight or danger to the community Mr. Amparo might present would be addressed through the following conditions: third-party custodian, home detention with electronic monitoring, should this court find it necessary, and an unsecured bond.

At the bail hearing, this Court determined that Mr. Amparo presented a risk of flight and danger to the community. D.E. #9. As case law states, only in rare cases should release be denied. *United States v. Townsend*, 897 F.2d 989, 994 (9th Cir. 1990) (citing *Sellers v. United States*, 89 S.Ct. 36, 38, 21 L.Ed.2d 64 (Black, Circuit Justice 1968)). Any doubts regarding the propriety of release are to be resolved in favor of defendant. *Townsend*, 897 F.2d at 994.

## II.  Risk of flight

In cases of flight risk, the threat of flight must be serious. *US v. Wasendorf*, 2012 WL 4052834 (N.D. Iowa 2012). Foreign nationality is not enough to create a flight risk. *See United States v. Townsend*, 897 F.2d 989 (9th Cir. 1990); *United States v. Paterson*, 780 F.2d 883 (10th Cir. 1986); *United States v. Motamedi*, 767 F.2d 1403 (9th Cir. 1985). Mr. Amparo has no passport or means to leave the jurisdiction. Indeed, he is accused of an offense involving entering the United States, not fleeing it.

In regards to ties to the community, immediately following his bail hearing, Mr. Amparo's family has come together to provide the undersigned with information in support of Mr. Amparo's release on bail as well as a third-party custodian. Ms. Sofia Rivera-Santana, a long-time friend of Mr. Amparo's family, is willing to serve as third-party custodian. Ms. Rivera and Mr. Amparo's families have known each other for many years. Ms. Rivera is a legal permanent resident who has lived in Puerto Rico for nearly her entire life. She has no criminal record, and she is fluent in both English and Spanish. Ms.

Rivera lives in Carolina in an apartment that has a bedroom for Mr. Amparo. Ms. Rivera is both a student and works full-time. She is currently studying marketing, and she works at a restaurant in Isla Verde. Ms. Rivera has been empathic in her desire to help Mr. Amparo, and she is more than willing to ensure that Mr. Amparo complies with any conditions of release that may be imposed. She understands the responsibilities that being a TPC entail.

Moreover, Mr. Amparo <u>fully</u> understands the ramifications of any violations of any imposed conditions of release. He is working to retain an immigration attorney to handle his parallel immigration case.

### III. Danger to the Community

In order to base a detention order on a defendant's risk of danger to the community, a court must find by clear and convincing evidence that a particular defendant actually poses a danger, not that a defendant in theory poses a danger. *See United States v. Patriarca*, 948 F.2d 789 (1st Cir. 1991) (finding that allegations that defendant was a Mafia boss insufficient to justify detention). Additionally, the danger alleged must **relate to the federal case**, as opposed to other allegations of danger. *See, e.g., United States v. Ploof*, 851 F.2d 7 (1st Cir. 1988) (information regarding threat to kill girlfriend's husband insufficient basis for detention). The charge Mr. Amparo is accused of does not create a presumption of detention. As to any alleged criminal history, Mr. Amparo respectfully submits that the proposed combination of conditions will reasonably assure the safety of the community.

In sum, there are conditions that can reasonably assure Mr. Amparo's appearance at all future court proceedings. Therefore, the undersigned requests the reopening of the

bail hearing in order to present information in support of conditions of release pursuant to 18 U.S.C. § 3142.

**I HEREBY CERTIFY** that on this date I electronically filed the present notice with the Clerk of Court using the CM/ECF system which will send notification of such filing to the parties of record.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 17th day of March, 2017.

**ERIC ALEXANDER VOS**
Chief Defender
District of Puerto Rico

***S/Jessica E. Earl***
Jessica E. Earl
Research and Writing Specialist
USDC-PR No. 302613
241 F.D. Roosevelt Ave.
Hato Rey, P.R. 00918-2441
(787) 281-4922/ Fax (787) 281-4899
E-mail: Jessica_Earl@fd.org